# United States Court of Appeals

### For the Eighth Circuit

_____

## No. 14-3530

_____

Grinnell Mutual Reinsurance Company

*Plaintiff - Appellee*

v.

David Rambo

*Defendant*

Terry Reynolds

*Defendant - Appellant*

Rodger Smith; Carla Smith; Ellie Slater; Jean Shown; Faye Shown; Roger Brown; Claudine Brown

*Defendant*s

_____

## No. 14-3596

_____

Grinnell Mutual Reinsurance Company

*Plaintiff - Appellee*

v.

David Rambo; Terry Reynolds

*Defendant*s

_____

Rodger Smith; Carla Smith; Ellie Slater; Jean Shown; Faye Shown; Roger Brown; Claudine Brown

*Defendants - Appellants*

_____

Appeals from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: December 16, 2015
Filed: December 29, 2015
[Unpublished]

_____

Before MURPHY, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Grinnell Mutual Reinsurance Company is the reinsurer for insurance policies held by Terry Reynolds and David Rambo. In this action it seeks a declaratory judgment that there was no coverage for claims brought against Reynolds and Rambo by Rodger Smith and six other homeowners in a Missouri state court action. A magistrate judge[1] granted summary judgment for Grinnell, and Smith and Reynolds appeal. We affirm.

In the underlying lawsuit, the Smith plaintiffs alleged that Rambo and Reynolds were liable for nuisance and other harms caused by the operation of their swine and

_____

[1]The Honorable Matt J. Whitworth, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

poultry farms.  The magistrate judge concluded that the pollution liability exclusion in Rambo's policy, as well as the business activities and custom feeding exclusions in Reynolds's policy, were unambiguous and precluded coverage for the claims against them.

We conclude upon de novo review that the magistrate judge did not err in granting summary judgment.  See United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 883 (8th Cir. 2014) (summary judgment standard); id. at 883–84 (standard for interpretation of an insurance policy under Missouri law).  Accordingly, we affirm.  See 8th Cir. R. 47B.

_____